# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBRA DAVIS,** | } | |
| | } | |
|     **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  CV 02-P-1823-E |
| | } | |
| **CITY OF ANNISTON,** | } | |
| | } | |
|     **Defendant.** | } | |

## MEMORANDUM OPINION

Pending before the court is Defendant City of Anniston's Motion in Accordance with Paragraph 6(d) of the Pretrial Order (Doc. #45).  Previously, the City of Anniston ("City") had moved for summary judgment and that motion was granted in part and denied in part.  The remaining claim in this case, after the court's ruling on Defendant's initial summary judgment motion, was a promotion claim.

After the court's ruling, the City moved for summary judgment on the promotion claim as well.  Specifically, the City claims that Plaintiff did not include her promotion claim in any EEOC charge and, therefore, that claim is barred.  Although this is not an issue the City raised in its initial summary judgment motion, the court has decided to treat the motion as one seeking summary judgment and has permitted briefing and submission of the issue.  Not only did the Defendant preserve this defense in its answer, it specifically raised it in the pretrial order.  If the court does not rule on the issue now, it will undoubtedly be raised at a trial.  If successfully raised then, the court and parties will have unnecessarily undertaken the expense and inefficiencies of trial preparation because, if such a motion were to be granted, there would be no need for a trial on the merits.  Based upon discussions with the parties regarding this issue, the court believes that its analysis of whether

Plaintiff has exhausted administrative prerequisites will not change between now (when the defense has been raised on a motion for summary judgment) and at trial (when the defense would be raised as part of a motion for judgment as a matter of law motion).

Defendant's motion raises two questions: (1) Was Plaintiff's promotion claim raised in her EEOC charge or was it within the scope of a reasonable investigation of Plaintiff's EEOC charge? (2) Is Plaintiff's promotion claim time barred because the promotion denial occurred outside the 180-day period proceeding Plaintiff's EEOC charge?  For the reasons stated below, the court finds that Plaintiff's promotion claim was not included in the EEOC charge and, further that it is time barred.

### A. Plaintiff's Promotion Claim Was Not Included In Her EEOC Charge Nor Was It Within The Reasonable Scope Of That Charge

When Plaintiff filed her EEOC charge, she included the following language in the Particular's Section of that form:

1. I am a member of a protected class.

2. I am treated differently than my male colleagues with respect to terms and conditions of employment including being limited to pay, _assignments_ and opportunities for training.

3. The Anniston Police Department is hostile to women supervisors and I have had to work in an environment that is intimidating.  This hostility to women emmployees [*sic*] is known to the City Manager and the Mayor of the City of Anniston.

4. The City of Anniston and the Police Department have a pattern and practice of discriminating against women managers in the Police Department.

Plaintiff's EEOC Charge, Particular's Section (emphasis added). Accordingly, although Plaintiff did not specifically mention a promotion claim in her EEOC charge, she did reference a claim for

discrimination in, among other things, assignments. Based on that, Plaintiff argues that the term "assignments" encompasses her promotion claim. In addition, Plaintiff also asserts that the EEOC, in investigating her assignments claim, would have also reasonably investigated whether she was the victim of discrimination in the area of promotions. The court rejects Plaintiff's argument for several reasons.

First, the unique nature of assignment and promotion practices of the City's police department makes the argument untenable. Within the City's Police Department, promotions are from rank to rank (*e.g.*, Lieutenant to Captain). On the other hand, assignments are within a particular rank (*e.g.*, a Lieutenant is assigned to Training and/or Internal Investigations). Assignments and promotions are, therefore, fundamentally different employment actions within the context of the Anniston Police Department's employment practices.

Second, and similarly, assignments and promotions are in a general sense very different from one another. Assignments involve a horizontal or lateral move. Conversely, promotions, as the United States Supreme Court has recognized, involve a new employment relationship. *Patterson v. McLean Credit Corp.*, 491 U.S. 164 (1989).[1]

---

[1] Although, as it relates to the scope of 42 U.S.C. § 1981, the *Patterson* distinction has been abrogated by the Civil Rights Act of 1991, the statute of limitations for an assignment claim and a promotion claim are different. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, (2004). Title 28 U.S.C. § 1658 provides that all claims created by federal statute subsequent to 1990 that do not contain a statute of limitations are governed by the default four-year statute of limitations created under § 1658. In *Jones*, the Supreme Court held that the § 1658 statute of limitations applies whenever a post-1990 enactment creates a new right to maintain an action. In *Patterson*, the court held that § 1981, as it was then worded, covered a claim for race discrimination in the area of promotion, because a promotion would create a new employment relationship between the employer and employee. *Patterson*, 491 U.S. at 186. ("Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981.") The courts interpreting *Patterson* recognized that assignments were different than promotions and therefore not actionable under § 1981 pursuant to that case's analysis. *See e.g., Gutierrez v. Board of County Comm'rs*, 791 F. Supp 1529, 1535(D. Kan. 1992) ("Plaintiff has described his claim of discriminatory job assignments as failures to promote. However, the undisputed evidence before the court demonstrates that these assignments were not "promotions" because they involved no change in salary or creation of supervisory responsibility. These positions did not rise 'to the level of an opportunity for a new and district relation between the employee and the employer.'") (quoting *Patterson*, 491 U.S. at 185). Thus, when the Civil Rights Act of 1991 was enacted, an assignment claim under § 1981 was a newly created action and the limitations period for

Third, several courts have held that an assignment claim is outside the scope of a promotion claim, *see Oliver v. Russell Corp.*, 874 F.Supp 367, 371 (M.D. Ala. 1994); *Marini v. Taco Bell Corp.*, 53 FEP Cases 1752, 1753 (D. Md. 1990), and a promotion claim is outside the scope of an assignment claim, *see Tarrance v. Montgomery County Board of Education*, 157 F.Supp. 2d 1261, 1266 (M.D. Ala. 2001). The court's research has not found any cases that have held to the contrary.

Fourth, the promotion claim advanced by Plaintiff is outside the reasonable scope of any EEOC investigation. In a somewhat different procedural setting, the Eleventh Circuit has indicated that the beginning point for determining whether the claim is within the scope of the reasonable investigation is to look at the actual investigation the EEOC conducted. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). Here, the parties agree that the EEOC did not conduct much of an investigation at all; nevertheless, it is undisputed that the EEOC did not look at promotions while investigating Plaintiff's charge.[2] This is another factor that leads the court to conclude that Plaintiff's promotion claim is outside the scope of her EEOC charge.

---

that claim is supplied by § 1658. The point of this analysis is to demonstrate that the Supreme Court has previously recognized a significant difference between claims for promotion and assignment in the context of § 1981.

[2] Perhaps Plaintiff's best argument that her promotion claim is within the scope of the EEOC charge is based upon the third paragraph of the City's response to the EEOC charge. That paragraph reads as follows:

> As a background, please be advised that Lt. Davis was first hired by the City of Anniston in April of 1979. Since that date Ms. Davis was promoted to Sergeant in April of 1990, and thereafter promoted to her present position of Lieutenant in July of 1996. There are no other job classifications as a police officer other than Captain and Chief of Police. No Captains have been promoted or hired since Ms. Davis' promotion to Lieutenant in July of 1996.

The court believes that this language is, as the opening words of the paragraph suggest, merely background information about Plaintiff's employment. At most, it is an argument that if Plaintiff has suffered no discrimination in the area of promotions, and has in fact been promoted frequently, then her assertions of discrimination in other areas are without merit.

**B.     Plaintiff's Charge Was Not Timely Filed And Therefore She Did Not Preserve A Promotion Claim**

Even if Plaintiff asserted a promotion claim in her EEOC charge, it was untimely. Plaintiff filed her EEOC charge on October 4, 2001. Therefore, the 180-day period during which a promotion denial must have occurred began on April 7, 2001, and concluded on October 4, 2001. The key question here is "When did the denial of promotion take place?"[3]

The parties agree that Chandler recommended that Plaintiff be promoted in a meeting with Whitehead. The following facts are also undisputed: (1) in that meeting, Whitehead said "No"; (2) in that same meeting, Chandler recommended that the training and investigative function duties held by Plaintiff be divided; and (3) that Steve Gaines was placed in the job of Training Officer on January 2, 2001. It follows, therefore, just as Defendant argues, that Chandler's recommendation – and the meeting in which the recommendation was made – necessarily occurred before January 2, 2001. There would have been no reason to recommend a division of Plaintiff's responsibilities after those responsibilities had already been divided. Given that the meeting in which Chandler recommended Plaintiff (and Whitehead rejected that recommendation) necessarily occurred before January 2, 2001, and, therefore, well before the beginning of the 180-day period for filing EEOC charges (April 7, 2001 through October 4, 2001), there can be no question that Whitehead's denial of the promotion of Plaintiff to the position of Captain occurred outside the time scope of Plaintiff's

---

[3]In light of the information that was clarified by Defendant's counsel at argument, the court is less convinced than it was before that a promotion vacancy occurred in the manner referenced in the court's Memorandum Opinion dated September 15, 2004. It appears undisputed between the parties that McGrady filled Dryden's captain position, not a fourth captain's position, and that this occurred after Plaintiff was no longer employed. Therefore, no fourth captain's position was ever filled at anytime Plaintiff was eligible to be promoted to captain. Moreover, no fourth captain's position was ever created and filled soon after her employment ended (as the court originally believed was the case). Perhaps this was clear before and the court simply missed it. However, if it had come to the court's attention when the court initially ruled upon Defendant's motion for summary judgment, the court would have concluded that Plaintiff has failed to make out a *prima facia* case of discrimination in promotion and granted summary judgment to Defendant on that basis.

EEOC charge in this case.

Although Plaintiff can point to evidence suggesting that other conversations took place in which Chandler again suggested that Plaintiff be promoted and Whitehead again refused to approve such an employment decision, that does not save Plaintiff's promotion claim. The record does not indicate that these were separate and distinct employment decisions. In other words, they were not "'new act[s] of discrimination for the purpose of determining whether a claim is time barred.'" *Everett v. Cobb County School District*, 138 F.3d 1407, 1410 (11th Cir. 1998)(quoting *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992).

## CONCLUSION

For the reasons stated above, the court finds that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law on Plaintiff's promotion claim. An order consistent with this opinion will be entered granting Defendant's Motion for Summary Judgment (Doc. #45).

**DONE** and **ORDERED** this ___28th___ day of February, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE